

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

August 26, 1948

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-671

Re: Authority of the Comp-
troller to pay traveling
expenses of the employees
of the Division of Eleemos-
ynary Institutions from
the revolving funds creat-
ed by S. B. No. 374, Acts
50th Leg., p. 612.

Dear Sir:

Your request for an opinion reads:

"S. B. 391, Acts of the Regular Session of the
50th Legislature, known as the General Depart-
mental Appropriation Bill, sets out under the Di-
vision of Eleemosynary Institutions in the section
of the Appropriation Bill to the State Board of Con-
trol a number of salaries and other listed items.

"Under Subsection b of Subsection (14), the
General Rider Provisions of the Departmental Ap-
propriation, is found this language:

"'The appropriations herein provided are to be
construed as the maximum sums to be appropriated
to and for the several purposes named herein, and
the amounts are intended to cover, and shall cover
the entire cost of the respective items and the same
shall not be supplemented from any other sources;
provided, however, that the provisions and restric-
tions herein shall not apply to the State Commission
for the Blind; and, except as otherwise provided, no
other expenditures shall be made, nor shall any
other obligations be incurred by any department of
this State provided, however, that nothing herein
shall prevent any department head from paying less
than the maximum amount set forth herein for any
salaried position.'

"Under the heading 'Revolving Fund and Insti-
tutional Receipts' found in the Rider Provisions to

S. B. 374, Acts of the Regular Session of the 50th Legislature, and known as the Appropriation Bill for Eleemosynary and Reformatory Institutions, is found this language:

"'(b) Upon the approval of the Board of Control, said institutions may make just and properly due refunds of any advance payments made on behalf of pay-inmates out of the pay-inmate receipts or funds; and the Board of Control is allowed, and there are hereby appropriated out of said funds not exceeding One Thousand ($1,000.00) Dollars per year for traveling expenses to be used by the Board of Control in connection with the collection of pay-inmate charges and institutional supervision. Refunds to patients for unused advance payments may also be made out of cash revolving funds if directed by the Board of Control. There is also appropriated to the State Board of Control out of any institutional receipts or funds such amounts as may be necessary for traveling expenses and for other necessary help of the Division of Eleemosynary Institutions; provided the amounts paid for such services shall not exceed the remuneration fixed for similar services.' (Emphasis supplied.)

"Can the State Board of Control use the money appropriated by the language taken from S. B. 374, supra, for the payment of traveling expenses incurred by the employees listed under the Division of Eleemosynary Institutions in the General Departmental Bill above mentioned?"

The Division of Eleemosynary Institutions of the State Board of Control was created by statute. Articles 690-695, R.-C.S. These Articles prescribe certain powers and duties of the Board with reference to such institutions. They confer upon the Board the power to control and the duty of supervising all such institutions and to maintain an effective inspection of each such institution, for which purpose a representative of the Board must visit each institution once every month, and each member of the Board must visit each institution at least once a year. In the performance of these and other duties not mentioned here, travel expense is necessarily incurred.

Appropriations for the Board are found in the Departmental Appropriation Bill (S. B. 391, Acts 50th Leg., p. 830-834)

and includes Items 1 through 92. The appropriations for the Division of Eleemosynary Institutions include Items 74 through 81 and are to pay the salaries of the eight employees whose positions are therein designated and whose duties pertain to Eleemosynary Institutions. Item 92 is an appropriation for many miscellaneous purposes, including travel expense for the Board of Control as a whole, including the Division of Eleemosynary Institutions.

The Appropriation Bill for Eleemosynary and Reformatory Institutions carries a rider entitled "Revolving Fund and Institutional Receipts." (Acts 50th Leg., p. 612). This rider contains only Sections (a) and (b). You have quoted Section (b) in your request. The pertinent part of Section (a) reads:

> "No property belonging to any institutions shall be sold or disposed of without the consent of the Board of Control; and all proceeds from the sale of any such property, from labor performed, from the sale of crops and pay-inmate receipts, shall become and are hereby appropriated as a maintenance fund to be expended under the direction and upon the approval of the State Board of Control. The State Board of Control is hereby authorized to use out of the proceeds of said receipts and funds such amounts as they shall deem necessary for support and maintenance of said institution. . . ."

The receipts of an eleemosynary institution from the four sources named in Section (a) have been appropriated for one or more of the purposes mentioned in Sections (a) and (b). Section (b), insofar as we are here concerned, provides:

> (1) "Upon approval of the Board of Control, said institution may make just and properly due refunds of any advance payments on behalf of pay-inmates, out of the pay-inmate receipts or funds;

> (2) "And the Board of Control is allowed and there are hereby appropriated out of said funds not exceeding One Thousand ($1,000) Dollars per year for traveling expenses to be used by the Board of Control in connection with the collection of pay-inmate charges and institutional supervision.

> (3) "There is also appropriated to the State Board of Control out of any institutional receipts

or funds such amounts as may be necessary for
traveling expenses and for other necessary help
of the Division of Eleemosynary Institutions; pro-
vided the amounts paid for such service shall not
exceed the remuneration fixed for similar serv-
ices." (Emphasis added)

The appropriation for travel expense provided for in
Item 92 is to pay such expense when incurred by a member of
the Board or any employee of the Board when traveling on any
kind of business for the Board. In other words, that appro-
priation is not limited to expenses incurred in the performance
of any special duty, or by any particular officer or employee of
the Board. On the other hand, the two appropriations for travel-
ing expenses contained in Section (b) are made from special
funds and for special purposes of travel. The appropriation in
an amount of not more than $1,000 per year is payable only
from "pay-inmate receipts or funds" and then only when such
expenses are incurred in connection with the collection of
pay-inmate charges and/or institutional supervision. The ap-
propriation to pay traveling expenses of the Division of Elee-
mosynary Institutions is payable "out of any institutional re-
ceipts or funds" with the limitation above stated that in no
event shall the expenditure of "pay-inmate receipts or funds"
exceed $1,000 for collection of charges and institutional super-
vision. Therefore, the two appropriations for travel expenses
in Section (b) are clearly available to the Board of Control for
the purposes stated unless they have been nullified by the rider
in the Departmental Appropriation Bill, cited in your request.

These two bills were enacted by the same Legisla-
ture and each became operative at the same time, September 1,
1947. The Departmental Bill was finally passed only three days
after the Eleemosynary Bill was so passed. Each bill made ap-
propriations to pay traveling expenses incurred by members
and employees of the Board of Control. To this extent, the two
bills are in pari materia and must be read and considered to-
gether for the purpose of ascertaining the intent of the Legis-
lature with reference thereto. Any conflict between them should
be harmonized, if possible, and effect given to all provisions of
each bill, so that no absurd conclusion will be reached. It can-
not be presumed the Legislature intended to do a useless thing
by adding the two appropriation provisions in Section (b). When
these bills are so considered, we believe the Legislature intend-
ed the limitations imposed by Subsection (b) of Subsection 14, a
rider in the Departmental Appropriation Bill, to apply only to
the appropriations in the bill to which it is attached. Such con-
struction harmonizes and gives full effect to the provisions of
both bills.

## SUMMARY

Traveling expenses of members of the State Board of Control and the employees of the Board, incurred in connection with the collection of pay-inmate charges and institutional supervision, may be paid out of pay-inmate receipts or funds to the extent of $1,000 as provided in the current Eleemosynary Appropriation Bill, Acts 50th Leg., p. 613.

Traveling expenses incurred by employees of the Division of Eleemosynary Institutions of the State Board of Control in the performance of some duty pertaining to eleemosynary institutions, may be paid out of any institutional receipts or funds, subject to the above limitation as to use of pay-patient receipts.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

Bruce W. Bryant
Assistant

BWB/wb/JCP

APPROVED:

ATTORNEY GENERAL